UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JA'DEL MCFIELD,<br>Defendant. | Case No. 15-cr-00266-HSG-5 (KAW)<br><br>**ORDER DENYING MOTION FOR BOND** |

On August 21, 2017, Defendant Ja'del McField pled guilty to possession with intent to distribute methamphetamine, an offense that carries a mandatory minimum sentence of ten years. (Dkt. No. 230; *see also* Dkt. No. 292 at 4, Dkt. No. 305 at 4.) On August 25, 2016, Defendant was ordered detained pending trial in this matter. (Dkt. No. 105.) On November 3, 2017, Defendant requested bond, pursuant to 18 U.S.C. § 3145(c), citing exceptional circumstances. (*See* Dkt. No. 282.) Defendant sought release so that he could go to Alameda County Court to regain custody of his son, who Defendant believes was taken to Georgia by the child's mother. (Dkt. No. 292 at 5.) On November 10, 2017, Defendant filed briefing on his request, and on November 17, 2017, the United States filed its opposition. (Dkt. Nos. 292, 305.) Since making his request, Defendant has been sentenced by the presiding judge, and has been committed to the United States Bureau of Prisons to be imprisoned for a total term of 120 months. (Dkt. Nos. 313, 315.)

**I.    LEGAL STANDARD**

In general, individuals who have been found guilty of a crime of violence or drug offenses with a maximum sentence of at least ten years in prison, must be detained pending the execution of their sentence. 18 U.S.C. § 3143(a)(2). Section 3143(a)(2)(B), however, permits such an individual to be released if "the judicial officer finds by clear and convincing evidence that the

person is not likely to flee or pose a danger to any other person or the community." Furthermore, 18 U.S.C. § 3145(c) creates a further exception to § 3143's mandatory detention provision, such that:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Thus, in order to be released, Defendant must establish both that he is not likely to flee or pose a danger to the community by clear and convincing evidence, and that there are exceptional reasons why his detention is not appropriate.

## II. DISCUSSION

The primary dispute is whether Defendant has demonstrated exceptional reasons for his release. In *United States v. Garcia*, the Ninth Circuit found that "[b]y adopting the term 'exceptional reasons,' and nothing more, Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct." 340 F.3d 1013, 1018 (9th Cir. 2003). Per the Ninth Circuit's guidance, courts "should examine the totality of the circumstances" to determine whether there are any unusual factors or combination of factors that make release appropriate, all while "bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional circumstances, be released pending appeal." *Id.* at 1019; *see also id.* at 1022 ("The general rule must remain that conviction for a covered offense entails immediate incarceration"). Such factors may include, but are not limited to, the defendant's prior criminal history, the nature of the violent act, the length of the prison sentence, whether a defendant is particularly unlikely to flee or constitute a danger to the community, and whether the defendant has cooperated with the government. *Id.* at 1019-21. The Ninth Circuit emphasized, however, that "[h]ardships that commonly result from imprisonment do not meet the standard." *Id.* at 1022.

Here, Defendant sought release so that he could gain custody of his son, who Defendant believes to be in Georgia with the child's mother, Shanelle Windom. (Dkt. No. 292 at 5.) Defendant believes his son is not in school, that there is a warrant out for Ms. Windom for welfare

2

1 fraud, that Ms. Windom and her boyfriend are engaged in criminal activity, and that Ms. Windom's boyfriend is physically abusive towards children. (*Id.*) For those reasons, Defendant wants to go to Alameda County Court to regain custody of his son, so that he may be raised by Defendant's mother in Arizona while Defendant is imprisoned. (*Id.*)

The Court finds that these facts -- many of which are unsupported by evidence in the record -- do not rise to the level of exceptional circumstances. As the United States points out, there is no reason to believe that Defendant will be able to gain custody of a child (whose location is unknown) when Defendant has pled guilty to a crime that imposes a mandatory ten-year sentence, and will be unable to care for the child. Defendant also has a history of domestic battery, including assaulting the mother of one of his children in the presence of his child, and has been convicted of domestic violence. (Dkt. No. 305 at 2-3.) This record makes it highly unlikely that a court would award Defendant custody of his child. Moreover, the Court agrees with the United States that not being able to attend a child custody hearing is a "[h]ardship that commonly result[s] from imprisonment," and therefore does not meet the exceptional circumstances requirement. *Garcia*, 340 F.3d at 1022.

Additionally, the other factors articulated by the Ninth Circuit reinforce a lack of exceptional circumstances in this case. As stated above, Defendant has a criminal history of violence, having been convicted of domestic violence. (Dkt. No. 305 at 2-3.) While on parole, Defendant committed the instant offense, for which he has now been sentenced to a ten-year term of imprisonment. (*Id.* at 3.) While on pretrial release, Defendant may also have attempted to conspire with his girlfriend to have her promise to pay any amount that a surety would have to pay if Defendant violated the conditions of his pretrial release. (*Id.* at 3-4.) Finally, while Defendant pled guilty to the distribution charge, he also admitted in his plea agreement that he obstructed justice by committing perjury during his testimony before the grand jury investigating this case. (Dkt. No. 230 at 4.) Thus, having considered all of the "particular circumstances" of this case, the Court concludes that exceptional circumstances do not exist. *See Garcia*, 340 F.3d at 1018.

Moreover, the Court has previously found that Defendant is a danger to the community and a flight risk, and he has failed to meet his burden to show by clear and convincing evidence that

3

anything has changed. Defendant has also since been sentenced and taken into custody to serve his term; as such, the motion for bond is essentially moot.

### III. CONCLUSION

For the reasons stated above, the Court DENIES Defendant's request for a bond.

IT IS SO ORDERED.

Dated: February 13, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge